**ARCADE CO. v. UNITED STATES.**

Civ. No. 978.

United States District Court,
M. D. Tennessee, Nashville Division.

May 7, 1951.

Bass, Berry & Sims, Nashville, Tenn., for plaintiff.

A. O. Denning, Asst. U. S. Atty., Nashville, Tenn., and H. L. Spencer, Atty., Dept. of Justice, Washington, D. C., for defendant.

DAVIES, District Judge.

Findings of Fact

1. On December 15, 1943, the plaintiff corporation filed its income and excess profits tax return for the period from January 1, 1943, to September 30, 1943, and claimed therein as deductions for ordinary and necessary business expenses, under Section 23 of the Internal Revenue Code, 26 U.S.C.A. § 23, the following fees paid by it in the following amounts:

| | | |
|---|---|---|
| Accounting fees | — | $1,000.00 |
| Attorney fees | — | 2,500.00 |
| Appraisal fees | — | 450.00 |
| Totaling | — | $3,950.00 |

2. After an audit was made of its tax return the Commissioner of Internal Reve-

nue determined a deficiency in excess profits tax of $3,585.52, which resulted from his disallowance of the deduction for fees claimed in the total amount of $3,950 and a restoration of that amount to taxable income. The Commissioner held that the fees were capital expenditures incurred in effecting a reorganization and, therefore, were not deductible business expenses.

3. The deficiency of $3,585.52 (less a post war credit offset of $385.56) with interest, was duly paid on September 3 and August 30, 1946.

4. The plaintiff timely filed a claim for refund of $3,585.52, plus interest, which was disallowed by the Commissioner on April 1, 1948.

5. The complaint in this action was timely filed on November 23, 1948, in which the plaintiff seeks to recover the $3,585.52, plus interest, upon the same grounds asserted in its claims for refund; that the Arcade Company (the old company) was dissolved and liquidated; that no reorganization within the meaning of Section 112(g) of the Internal Revenue Code, 26 U.S.C.A. § 112(g), was effected; and that the fees totaling $3,950.00 were deductible expenses incurred in liquidation of the old company.

6. The Arcade Company was organized in 1902. In 1943 a tax consultant and attorneys were employed to work out and present a plan to minimize federal taxes and, if possible, to secure a larger distribution of the company's earnings for its stockholders. The plan presented by the consultant and the attorneys was adopted and carried out in detail by the Arcade Company, its stockholders and directors. The plan is contained in a document of four typewritten pages and was introduced as evidence at the trial. The most pertinent part of the document is quoted as follows:

## "Tax Plan

"1. Dissolve present corporation. This would require present stockholders to report value of stock at date of liquidation as if stock was sold, reporting a profit or loss on stock owned according to base or cost. Profit, if any, would be taxable at maximum rate of 25% if stock has been held over six (6) months. Loss, if any, would be allowable to extent of such loss or $1,000.00 each year for five (5) years if held over six (6) months and stockholders had no other such losses, or profits to absorb entire loss in any of five (5) years, limited to amount of loss.

"2. Organize a new corporation to be known as The Arcade Company, Inc., or The Arcade Corporation, to which, property of the stockholders acquired in liquidation of the old corporation would be transferred for stock and bonds in proportion to ownership of stock in old corporation. It is proposed to issue one (1) share of no par value of common stock and $200.00 of bonds for each share of pro-rata interest in assets, the bonds to be issued essentially with provisions set out below."

In the trial of the case the plaintiff's counsel contended that it was a tax saving plan. The defendant's counsel contended that it was a plan of reorganization.

7. The old company by vote of stockholders on September 22, 1943, voted to surrender its Charter and dissolve on September 30, 1943. On September 24 notice was sent stockholders as to future plans. Title to assets of the old company was properly vested in two Trustees known as Liquidating Trustees, in the manner provided under the laws of the State of Tennessee.

Stockholders of the old company, who were beneficiaries of the trust, gave directions in writing to the Trustees that the assets be conveyed to a new company, known as Arcade Company, Inc., and receive from it as payment for the assets so conveyed, one share of stock of the new company and two bonds of the par value of $100 each for each share of stock of the old company. This plan was adopted by the beneficiaries of the trust who were entitled to a prorata distribution of the assets of the old company; and on October 1, 1943, the assets were conveyed to the new corporation by the Liquidating Trustees by proper deeds and bills of sale, with the exception of some few assets

944

which were reserved to pay indebtedness. The stock and bonds received by the Trustees were distributed by the Trustees as the proceeds of a sale of the assets in their hands, it being their duty to reduce the assets to cash or the equivalent and make distribution to the beneficiaries of the trust.

There were no negotiations between the old company and the new company, and the Trustees were duly authorized to take their action by the beneficiaries of the trust, who were the stockholders of the old corporation. The new corporation voted to engage in business and took over the properties of the old company, subject to existing leases, and has continued to carry on a business of renting real property, similar in character to the business of the old corporation.

8. Appropriate Resolutions were duly passed and adopted by the stockholders of the old corporation to liquidate the old corporation and convey the assets to Trustees for the benefit of shareholders. No resolutions were passed approving the plan proposed by the tax consultants and attorneys, but the old corporation, through its stockholders and directors only, passed resolutions looking to the dissolution of the old corporation, the appointment of Liquidating Trustees and the vesting of assets in these Trustees.

The new corporation, upon a proposal from the Liquidating Trustees, passed proper resolutions authorizing a purchase of the property, the issuance of its securities as the purchase price thereof, being common stock and bonds, and passed resolutions to begin business and carry on a business similar in nature to that carried on by the old company. These resolutions are in evidence.

Conclusions of Law.

1. The statute applicable to this case is Section 112(g) of the Internal Revenue Code, U.S.C.A. Title 26, § 112(g), which provides in part as follows: "(1) The term 'reorganization' means * * * (D) a transfer by a corporation of all or a part of its assets to another corporation if immediately after the transfer the transferor or its shareholders or both are in control of the corporation to which the assets are transferred, or (E) a recapitalization, or (F) a mere change in identity, form, or place of organization, however effected."

2. The action taken by the stockholders and directors of the plaintiff corporation did not constitute a reorganization within the meaning of the applicable statute, Section 112(g), supra.

3. The Commissioner of Internal Revenue was in error in making the tax assessment involved in this case. The plaintiff is entitled to recover from the defendant the amount of the deficiency assessment with interest.

Judgment accordingly.